## Commonwealth v. Rothenberger et al.

*John A. Rieser*, district attorney, and *Clarence C. Mendelsohn*, assistant district attorney, for Commonwealth.

*Darlington Hoopes* and *Edward G. Wink*, for defendants.

SHANAMAN, J., March 7, 1938.—Two groups of defendants were prosecuted respectively upon two bills of indictment. Each indictment contained two counts, the first being conspiracy, and the other, malicious mischief. The malicious mischief count charged that defendants "with force and arms . . . did . . . wilfully, mali-

ciously, and unlawfully leave the air out of the tires" of a truck (in the other bill "trucks") of John H. Wolfe, "and otherwise deface and damage the tires," of the truck (in the other bill "trucks") of said Wolfe to his great money damage. Defendants moved to quash the indictments, and the court overruled the motion. All the defendants were convicted of malicious mischief. Defendants in bill no. 44 were also convicted of conspiracy, but defendants in bill no. 43 were acquitted of the offense of conspiracy.

Defendants' sole point is that the offense of malicious mischief was neither sufficiently charged in the bill of indictment, nor substantiated by the testimony. Defendants contend that the letting of the air out of the tires was a mere civil trespass, involving no criminal element. They cite Commonwealth v. Zaleski, 6 D. & C. 500 (1924), wherein Judge Edwards quashed an indictment which charged that defendant "maliciously and mischievously did break a door upon an automobile, and did otherwise damage and injure said automobile, the amount of said damage being thirty dollars", and held that the offense charged was a mere civil trespass. Before proceeding to consider the question, we would observe that since defendants in bill no. 44 were convicted also of the offense of conspiracy, their conviction must in any event be sustained, because even if the letting out of the air from the tires and the consequent physical damage to them was a mere civil trespass, a conspiracy to commit such trespass is a misdemeanor. The evidence was in fact sufficient to sustain the conviction of conspiracy, and defendants raise no other point of defense.

We are not prepared, however, fully to adopt the doctrine of the Zaleski case, supra, and of Commonwealth v. Casperson, 14 W. N. C. 106, wherein the respective courts held that indictments charging malicious breaking and injuring or destroying of such objects as an automobile door or a chair, respectively, did not charge a crime. There exist in fact decisions of equal authority to the contrary, such as Commonwealth v. St. Clair, 29 Dist. R. 49, where

the court sustained an indictment that defendant "did unlawfully, wilfully, and maliciously damage and destroy a sweater and cap and other personal property". We would adopt the ruling and language in Commonwealth v. Lipshutz, 13 Dist. R. 682, wherein the then Judge von Moschzisker, subsequently elevated to the Supreme Court bench, held that a charge of wilful and malicious destruction of property of another with force, conveys with sufficient certainty the idea that the act was done with bad spirit and a deliberate desire to do wrong, and that the indictment was sufficient, although if the evidence at the trial should fail to support the essential elements of malicious mischief, there could not be a conviction.

The compressed air in the tires is an artificial product, inserted mechanically into the tubes until the pressure of the imprisoned gas is sufficiently powerful to hold up a weight of thousands of pounds of truck and contents. This gas forms with the inclosing rubber-tube walls a very strong and solid supporting member of the truck. The escape of the air at once destroys the unit of support, the tubes collapse, and the rubber walls are subjected to splitting and tearing, and may be thus destroyed or generally weakened so as no longer to be fit for their purpose. In the present case, this actually happened through the deliberate act of defendants. There was also testimony of damage to the valve stems. It is therefore incorrect to speak of what was done as trivial. To let the air out of a bicycle tire may be conceded to be a trivial trespass. To let the air out of an automobile tire might or might not be so regarded, but to let the air out of the tires of commercial trucks which admittedly contained heavy loads at the time, cannot be regarded as a trivial matter. It was a direct physical blow at the integrity of the tubes, by depriving them of all their supporting air. Substantial damage to the trucks followed as a natural and expectable consequence. The defense has not been that the intent of defendants was not malicious in fact, but that the gravity of the offense does not rise above a mischievous, boyish

prank or civil trespass. It will be observed that the jury convicted all defendants of malicious mischief, after a trial to which no objection is taken, other than that herein discussed. For the reasons given we are of opinion that the cases fell within the principle of the Lipshutz case, supra, which we regard as formulating an applicable rule for the present cases.

And now, to wit, March 7, 1938, the exceptions to the action of the court in overruling the motions to quash the indictment are themselves overruled, and the rules taken by the respective defendants in arrest of judgment are discharged.